Mia Farber (State Bar No. 131467)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5408
Telephone:    213.689.0404
Facsimile:    213.689.0430
Email:        mia.farber@jacksonlewis.com

Scott P. Jang (State Bar No. 260191)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, CA 94111-4615
Telephone:    (415) 394-9400
Facsimile:    (415) 394-9401
E-mail:       Scott.Jang@jacksonlewis.com

Attorneys for Defendant
WESTROCK SERVICES, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRIEN PORCHIA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WESTROCK SERVICES, LLC, a Georgia Limited Liability Company and DOES 1-50, inclusive,<br><br>Defendant. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant WestRock Services, LLC ("Defendant") removes the above-entitled action to this Court from the Superior Court of the State of California, County of Tulare pursuant to 28 U.S.C. § 1441. Defendant invokes this Court's original jurisdiction under 28 U.S.C. § 1332(d) (the Class Action Fairness Act), 28 U.S.C. § 1331 (federal question), and 28

U.S.C. § 1332 (diversity). Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff Darrien Porchia ("Plaintiff") and without conceding that Plaintiff has pled claims upon which relief can be granted.

## I.   PROCEDURAL BACKGROUND

1. On September 15, 2022, Plaintiff filed a putative class action Complaint in the Superior Court of the State of California, County of Tulare, entitled *Darrien Porchia, individually and on behalf of all others similarly situated, v. WestRock Services, LLC, a Georgia Limited Liability Company and DOES 1-50, inclusive,* Case No. VCU293367 ("the Complaint"). In the Complaint, Plaintiff asserts claims for alleged: (1) failure to pay all wages, including overtime; (2) failure to provide meal periods; (3) failure to pay wages timely upon termination; (4) failure to pay wages during employment; (5) failure to provide accurate wage statements; and (6) unfair competition. A true and correct copy of the Complaint and all accompanying documents served on Defendant is attached as **Exhibit A**.

## II.   JURISDICTION

### A.   This Court Has Original Jurisdiction Because This Action Presents a Federal Question Under the Labor Management Relations Act.

1. District courts have original jurisdiction over lawsuits involving federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions under the . . . laws . . . of the United States."). When a case filed in state court falls within the original jurisdiction of a district court, a defendant may remove the matter to federal court. 28 U.S.C. § 1441(a).

2. Removal is proper here because the Complaint raises questions of federal law under Section 301 of the federal Labor Management Relations Act (the "LMRA"). Section 301 states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act … may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). "[A]lthough the language of [LMRA] § 301 is limited to 'suits for violation of contracts,' it has been broadly construed to cover most state-law actions that require interpretation

of labor agreements." *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1016 (9th Cir. 2000). "When resolution of a state-law claim is substantially dependent upon analysis of the terms of a collective-bargaining agreement, that claim must either be treated as a 301 claim or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). In short, federal question jurisdiction under LMRA Section 301 arises: (1) where the plaintiff asserts a claim based upon a right conferred upon employees by a collective bargaining agreement ("CBA"); or (2) where the resolution of a plaintiff's state-law claims is substantially dependent on the interpretation of a CBA. *Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000).

3. Here, Plaintiff alleges in his First Cause of Action that Defendant failed to pay him and the putative class members overtime pursuant to California Labor Code § 510. But the putative class members are covered by collective bargaining agreements ("CBAs"). The CBAs expressly provided for (1) the wages, hours of work, and working conditions of employees; (2) meal and rest periods for those employees; (3) final and binding arbitration of disputes and grievances; (4) premium wage rates for all overtime hours worked; and (5) a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

4. Under California Labor Code section 514, California Labor Code Section 510 (and 511) "do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides [1] for the wages, hours of work, and working conditions of the employees, and [2] if the agreement provides premium wage rates for all overtime hours worked and [3] a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." *See* Cal. Lab. Code § 514.

5. Accordingly, by operation of California Labor Code section 514, the putative class members do not have any rights under Section 510. Accordingly, the putative class members' "unpaid overtime" claim arises out of, and is limited to, the CBA. In other words, resolving the merits of the putative class members' "unpaid overtime" claim is substantially dependent upon, and requires analysis, interpretation, and application of the CBA.

///

6. As such, Plaintiff's First Cause of Action for failure to pay overtime is preempted by Section 301 and raises a federal question over which this Court has original jurisdiction. *See Allis-Chambers Corp., supra*, 471 U.S. at 220 (stating that a state law claim that is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract" is completely preempted by Section 301 of the LMRA); *Burnside v Kiewitt Pac. Corp.,* 491 F.3d 1053, 1059 (9th Cir. 2007) (explaining that where the asserted rights exists solely under a collective bargaining agreement, the claim is preempted by Section 301).

7. Further, to the extent any of Plaintiff's claims are not removable under the LMRA, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), because they are part of the same common nucleus of operative facts over which this Court has original jurisdiction.

**B.     This Court Has Original Jurisdiction Based on Diversity.**

1. This Court also has original jurisdiction over this action based on ordinary diversity of citizenship pursuant to 28 U.S.C. § 1332(a), which provides the district courts shall have original jurisdiction of all civil actions between citizens of different states wherein the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

2. For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). The Complaint alleges that Plaintiff is resident of the State of California. Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes.

3. For diversity purposes, a limited liability company is deemed to be a citizen of any state in which any member of the company is a citizen. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The Complaint alleges that Defendant is a Georgia limited liability company. Therefore, based on Plaintiff's allegations, Defendant is a citizen of Georgia for diversity jurisdiction purposes.

4. Therefore, complete diversity exists because Plaintiff is a citizen of California and Defendant is alleged to be a citizen of the State of Georgia.

5. Further, without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000

exclusive of interest and costs. 28 U.S.C. §1332(a). The Complaint does not specify an amount in controversy. Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the United States Supreme Court has held "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but the statement need not contain evidentiary submissions. *See Dart Cherokee*, 574 U.S. at 82, 89, 135 S. Ct. at 549, 554 (2014). If plaintiff contests a defendant's allegations, defendant need only demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996).

6. In determining whether the amount in controversy exceeds $75,000 exclusive of interest and costs, the Court must presume the plaintiff will prevail on each and every one of his or her claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002).

7. Attorney fees also may be taken into account to determine the jurisdictional amount. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945; *see also Alvarado v. Home Depot U.S.A., Inc.*, Case No. 18-cv-611-MMA(NLS), 2018 U.S. Dist. LEXIS 95435, at *7-10 (S.D. Cal. June 5, 2018).

8. Here, Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff is entitled to any damages or penalties whatsoever, the aggregated claims of Plaintiff for alleged unpaid wages, including overtime, failure to provide meal periods, failure to pay wages during employment and upon termination; inaccurate wage statements; and unfair competition establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum of $75,000.

## III.   REMOVAL IS TIMELY

1. Pursuant to 28 U.S.C. § 1446(b), a defendant has 30 days to file a Notice of Removal, measured from the date the defendant receives or is served with the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Plaintiff served

Defendant with the Complaint on November 4, 2022, and Defendant filed this Notice of Removal with this Court on December 5, 2022. Accordingly, removal is timely.

## IV. VENUE

1. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As stated above, Plaintiff brought this action in California Superior Court, County of Tulare. Thus, venue properly lies in the United States District Court for the Eastern District of California. 28 U.S.C. §§ 84(a), 1441(a).

## V. NOTICE

1. Defendant will promptly serve this Notice of Removal on all parties and promptly file a copy of this Notice of Removal with the Clerk of the Superior Court, County of Tulare, as required by 28 U.S.C. § 1446(d).

## VI. CONCLUSION

1. Based on the foregoing, Defendant requests that this action be removed to this Court. If any question arises as to the propriety of removal of this action, Defendant respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its argument that removal is proper.

Dated: December 5, 2022          JACKSON LEWIS P.C.

By: */s/ Mia Farber*
Mia Farber
Scott Philip Jang
Attorneys for Defendant
WESTROCK SERVICES, LLC

4892-0733-7025, v. 1